# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ALI GOKSEVEN,

               Petitioner,

    v.

JAMES JANECKA,

               Respondent.

CASE NO. 5:26-cv-2625-SK

**ORDER GRANTING HABEAS PETITION**

On May 15, 2026, Petitioner Ali Gokseven, a native and citizen of Georgia detained at the Adelanto Detention Facility, filed a counseled habeas petition pursuant to 28 U.S.C. § 2241 challenging the lawfulness of his detention without procedural due process.  (ECF 1).  In his answer, Respondent maintains that "Petitioner appears to be a member of the Bond Eligible Class" as certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  (ECF 7 at 2).  Thus, Respondent does not oppose the provision of an individualized bond hearing in accordance with the class-wide relief declared by the court in *Maldonado Bautista*.  (*Id*.).  And with such conceded relief, Respondent maintains that "no more filings or proceedings will be necessary in this matter."  (*Id*. at 3).

But Petitioner filed no timely traverse to Respondent's answer, so he was ordered to show cause why the petition should not be granted consistent with Respondents' concession.  (ECF 8).  In response, Petitioner too

"concedes that [his] petition should be granted consistent with the declaratory judgment in *Maldonado Bautista v. Santacruz*, as well as the follow-on orders by the *Maldonado Bautista* court enforcing that judgment in individual habeas petitions." (ECF 9 at 2). Yet he now claims that relief need not be "limited to a bond hearing." (*Id.*). That may be true enough, but other than citing the generalized liberty interest that all people in the country—citizens and noncitizens alike—possess, the petition merely asserts in conclusory and circular terms that he is "entitled" to release if he is detained unlawfully. (Pet. ¶¶ 12, 16, 49, 62).

Otherwise, in nearly every other place that matters, the petition seeks a conditional writ for release unless he is given a "bond hearing" within a set number of days. (Pet. ¶¶ 13-15, 54, 66-68). It is only for the first time, when prompted (and permitted) to file an untimely reply, that petitioner advances modestly better developed arguments for outright release rather than release absent a conditional bond hearing. (ECF 9 at 2-5). But, "[a] Traverse is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

Besides, both sides agree that Petitioner should receive an individualized bond hearing under 8 U.S.C. § 1226(a) in accordance with the declaratory judgment in *Maldonado Bautista*. And for good reason, as "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025). Moreover, as an undisputed Bond Eligible Class member subject to the benefits of the judgment in *Maldonado Bautista*, it is this court's view that Petitioner should (in all fairness) receive the same type of bond hearing that other detainees have routinely received from the same court that entered judgment there—that is, one in which the Government

bears the burden of showing by clear and convincing evidence that the noncitizen should be detained pending removal proceedings. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal. Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026). There is no cause—and Respondent offers none—to give Petitioner a lesser or different form of relief than that being given to other eligible detainees by the *Maldonado Bautista* district court.

* * *

The petition for writ of habeas corpus under 28 U.S.C. § 2241 is thus GRANTED consistent with the declaratory judgment and other relief ordered by the court in *Maldonado Bautista*. Within 7 days of this order, Respondent is ORDERED to release Petitioner, unless he is provided with an individualized bond hearing at which the Government must prove by clear and convincing evidence that Petitioner should be detained pending removal proceedings.

To satisfy that condition, the immigration judge must exercise her discretion to make an individualized determination whether Petitioner should be detained based on all relevant facts—including criminal history, immigration history, manner of entry, length of residence, family ties, employment, community connections, compliance with prior orders, and eligibility for relief from removal. *See Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must also provide a statement of reasons, orally or in writing, for her decision. *See* 8 C.F.R. § 1003.19(f). Those reasons must be adequate to permit meaningful review by the BIA (or any other reviewing body) if an appeal is taken by either party. *See* 8 C.F.R. § 1003.38.

3

IT IS SO ORDERED.


DATED: June 3, 2026

HON. STEVE KIM
United States Magistrate Judge